# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

1. MALLORIE HAMLIN, an individual )
                   Plaintiff, )
v. ) Case No. 15-CV-731-TCK-PJC
                    )
1. SMG, INC., ) JURY TRIAL DEMANDED
a domestic limited liability company, and )
2. SMG-TULSA, LLC, ) ATTORNEY'S LIEN CLAIMED
a domestic limited liability company, ) FOR THE FIRM
                    )
                   Defendant. )

## COMPLAINT

**COMES NOW** the Plaintiff, Mallorie Hamlin, ("Plaintiff") by and through her attorney of record Charles C. Vaught of the firm *Armstrong & Vaught, P.L.C.* and hereby submits the following Complaint against Defendants SMG, Inc. and SMG-Tulsa, LLC ("Defendants") and hereby states and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is invoked pursuant to 28 U.S.C. §1343(a)(4) and 28 U.S.C. §1331, and the state law claims pursuant to the doctrine of pendent jurisdiction.

2. This action arises under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.*, the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*, and the common law of the State of Oklahoma.

3. Declaratory and equitable relief are sought pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202, and compensatory and punitive damages are sought pursuant to 42 U.S.C. §§ 2000e, *et seq*.

4. Costs and attorneys' fees may be awarded pursuant to Rule 54 of the Federal Rules of Civil and the above statutes.

5. This Court has jurisdiction over the parties and the subject matter of this action, and this action properly lies in the Northern District of Oklahoma, pursuant to 28 U.S.C. §1391(c), because the claims herein arose in this judicial district.

## PARTIES

6. Plaintiff is a developmentally disabled adult who has been employed by Defendants as a Housekeeper since approximately July 2012. During all times relevant to this action, Plaintiff was assigned to the BOK Center, and was at all times hereinafter mentioned domiciled in and a citizen of the State of Oklahoma.

7. Plaintiff is a member of a protected class, to wit: a developmentally disabled individual with significant cognitive impairments which affect her ability to process events and articulate information in an understandable manner.

8. Defendants were and are now existing under the laws of the State of Oklahoma and maintain a facility in Tulsa, Oklahoma where Plaintiff was employed during the relevant periods.

9. In conformance with Title VII statutory prerequisites, Plaintiff submitted pre-charge information to the United States Equal Employment Opportunity Commission ("EEOC"). Subsequently, Plaintiff submitted a Charge of Discrimination to the EEOC. The EEOC completed its investigation and issued a Notice of Right to Sue on October 7, 2015, (attached hereto as Exhibit A and hereby incorporated by reference as though fully set forth herein).

## OPERATIVE FACTS

10. In late October or early November 2013, Plaintiff reported to work and was waiting on her

supervisor, Dave Waltch, to arrive, when a co-worker, Kevin Williams, took her to the laundry room and proceeded to rape Plaintiff.

11. Subsequently, shortly after the laundry room incident, Mr. Williams also raped Plaintiff in the catering room on two occasions.

12. Plaintiff went to Mr. Waltch and reported what Mr. Williams had done. Mr. Waltch's comment was that "nothing happened."

13. After informing her fiancé that she had been raped by a co-worker, her fiancé reported to Defendants' human resource's department that Plaintiff had been raped by Mr. Williams.

14. Subsequently, Plaintiff was called to a meeting with the human resource's department to explain why fiancé had reported the rape. During this meeting, Plaintiff informed them that her fiancé's report was true and that she had been raped three times by Mr. Williams while at work.

15. Nothing was done by Plaintiff's employer after the meeting and she was forced to continue working with Mr. Williams.

16. On May 10, 2014, Mr. Williams got on the elevator with Plaintiff and kissed her. When the elevator stopped, Mr. Williams grabbed Plaintiff's arm and pulled her into a supply closet. He proceeded to pull down his pants and pushed Plaintiff down by the shoulders and told her to "suck his dick." Plaintiff jumped up and said no.

17. As Plaintiff was exiting the closet, Ms. Sylvia LNU approached and advised Plaintiff that she was not suppose to be in that area. Ms. Sylvia LNU reported Plaintiff to Mr. Waltch, who yelled at her for being in the closet. Plaintiff informed Mr. Waltch that Mr. Williams had forced her into the closet and tried to make her perform oral sex on him. Mr. Williams was

not reprimanded for being in the closet with Plaintiff or for trying to force Plaintiff to perform oral sex on him.

18. Plaintiff advised Mr. Waltch that she wanted to go home because she was scared to go back to work after almost being raped again. Mr. Waltch called Ms. Angela LNU, who gave Plaintiff permission to go home.

19. Plaintiff also reported to Mr. Fox, one of the security guards at the BOK Center, that Mr. Williams had raped her and that she was scared to stay at work. Mr. Fox instructed Plaintiff to write down the names and information and stated that he would turn it into Willie Williams in Operations, who was Mr. William's boss.

20. On May 12, 2014, Angela LNU called Plaintiff to be at work the next day at 10:00 a.m. for a meeting. Plaintiff did as she was instructed to do and attended a meeting with Mr. Allen Curd. During this meeting, which lasted approximately two hours, Plaintiff again reported the rapes and explained that she was afraid of Mr. Williams. Mr. Curd became visibly upset at Plaintiff, began yelling at her, and called her a liar.

21. After more than an hour of yelling by Mr. Curd, Plaintiff called her mother, Jennifer Cleghorn, and informed her of the meeting, that Mr. Curd was yelling at her, and pleaded to come home.

22. On May 16, 2014, Plaintiff sought treatment from Jenny Franklin, counselor with Y.S.O., due to the sexual harassment and subsequent retaliation that she was subjected to by Defendants agents and employees.

23. Later that day, Plaintiff's mother, Jennifer Cleghorn, talked to Jeff Nickler, the general manager and Charlotte Jones, one of Defendants' Human Resources representatives in

Philadelphia, PA, on Plaintiff's behalf.

24. Ms. Jones advised Ms. Cleghorn that Mr. Williams would no longer be at work on the dates that Plaintiff was scheduled and that it was no longer an Employer matter.

25. On May 20, 2014, Plaintiff filed a police report with the Tulsa Police Department regarding the rapes she had been subjected to at Defendants' facility.

26. Mr. Williams's painful, unwanted, offensive contact caused Plaintiff embarrassment, emotional distress, humiliation and physical pain and suffering.

27. As per the facts plead herein, Plaintiff was sexually harassed and assaulted by Mr. Williams in violation of Title VII of the Civil Rights Act.

28. Plaintiff was retaliated against by Defendants in violation of Title VII of the Civil Rights Act by and through, but not limited to, Defendants unconscionable acts of refusing to investigate Plaintiff's report of sexual assault and harassment, yelling at Plaintiff for reporting the sexual assaults, calling Plaintiff a liar after she reported the sexual assaults, detaining her in a hostile meeting and not permitting her to leave, limiting the hours Plaintiff was permitted to work and altering the terms and conditions of her employment.

29. Plaintiff was subjected to a hostile work environment due to her disability by Defendants agents and employees by and through, but not limited to, Defendants unconscionable acts of refusing to investigate Plaintiff's report of sexual assault and harassment, yelling at Plaintiff for reporting the sexual assaults, calling Plaintiff a liar after she reported the sexual assaults, detaining her in a hostile meeting and not permitting her to leave, and altering the terms and conditions of her employment. But for Plaintiff's cognitive impairments, Defendants would have immediately launched an investigation into the sexual assaults and harassment Plaintiff

was subjected to and taken immediate remedial action to stop Mr. Williams' behavior.

## FIRST CLAIM FOR RELIEF
## (SEXUAL HARASSMENT IN VIOLATION OF TITLE VII)

30. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

31. By and through, but not limited to, the events described above, Plaintiff's terms and conditions of employment were adversely affected, and a hostile work environment was created, due to the on-going sexual harassment directed toward Plaintiff.

32. By and through, but not limited to, the actions described above, the Defendants have violated Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C.§§ 2000e, *et seq*.

33. As a direct and proximate result of said actions by Defendants, Plaintiff has suffered, is now suffering, and will continue to suffer lost wages, emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other pecuniary losses.

34. Defendants' actions were wilful and done with reckless indifference to Plaintiff's rights, thus warranting the award of punitive damages to Plaintiff.

35. Plaintiff has been injured by the sexual harassment she was subjected to and is entitled to compensatory and punitive damages and any other damages allowed under Title VII of the Civil Rights Act of 1964 and 1991.

**WHEREFORE**, Plaintiff prays for a declaration that the conduct engaged in by the Defendants was in violation of Plaintiff's rights; for an award to Plaintiff for equitable relief of lost wages; compensatory and punitive damages, including emotional distress, mental anguish, and humiliation, in an amount in excess of One Hundred Thousand Dollars ($100,000.000); costs and expenses, including reasonable attorneys' fees as provided for by applicable law; an assessment of

damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (HOSTILE WORK ENVIRONMENT UNDER THE ADA)

36. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

37. Plaintiff is a qualified person with a disability under the ADA.

38. By virtue of her disability, to wit: mental impairment, Plaintiff is a member of the class of persons protected by the Americans with Disabilities Act.

39. Plaintiff was subjected to unwelcome harassment during her employment with Defendants.

40. The harassment Plaintiff was subjected to was based on her disability.

41. The harassment of Plaintiff affected the terms and conditions of her employment with Defendants.

**WHEREFORE**, Plaintiff prays for a declaration that the conduct engaged in by the Defendants was in violation of Plaintiff's rights; for an award to Plaintiff for equitable relief of lost wages; compensatory and punitive damages, including emotional distress, mental anguish, and humiliation, in an amount in excess of One Hundred Thousand Dollars ($100,000.000); costs and expenses, including reasonable attorneys' fees as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (RETALIATION IN VIOLATION OF TITLE VII)

42. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

43. Plaintiff followed the proper procedures as an employee of Defendants in exercising her

7

federally protected right to complain of the sexual harassment she was subjected to as an employee in Defendants' employ.

44. Plaintiff reported the discrimination she was subjected to as an employee of Defendants to both her immediate supervisor and Defendants' Human Resources Department.

45. As a direct result of Plaintiff's complaint, Defendants altered the terms, conditions and/or privileges of her employment by, among other retaliatory acts, limiting the hours Plaintiff could work.

46. As a direct result of Plaintiff's complaint, Defendants retaliated against her for exercising her federally protected rights to report the sexual harassment she was subjected to in the workplace.

**WHEREFORE**, Plaintiff prays for a declaration that the conduct engaged in by the Defendants was in violation of Plaintiff's rights; for an award to Plaintiff for equitable relief of lost wages; compensatory and punitive damages, including emotional distress, mental anguish, and humiliation, in an amount in excess of One Hundred Thousand Dollars ($100,000.000); costs and expenses, including reasonable attorneys' fees as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
### (NEGLIGENT SUPERVISION)

47. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

48. That Defendants knew or should have known that Defendants' agent and employee had a propensity for sexually harassing employees, as demonstrated by the observations of its

management and/or supervisory employees and Plaintiff's prior reports of same.

49. That at the time Defendants' employee was sexually harassing Plaintiff, Defendants had reason to believe that this employee would create an undue risk of harm to others.

50. That Defendants failed to act upon this belief.

51. That the Plaintiff was injured because of Defendants' failure to act.

52. That Plaintiff's injuries are a direct and proximate result of Defendants' failure to act.

**WHEREFORE**, Plaintiff prays for a declaration that the conduct engaged in by the Defendants was in violation of Plaintiff's rights; for an award to Plaintiff for equitable relief of lost wages; compensatory and punitive damages, including emotional distress, mental anguish, and humiliation, in an amount in excess of One Hundred Thousand Dollars ($100,000.000); costs and expenses, including reasonable attorneys' fees as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

Respectfully submitted,

ARMSTRONG & VAUGHT, P.L.C.

*/s/ Charles C. Vaught*
**Charles C. Vaught, OBA #19962**
2727 E. 21st Street, Suite 505
Tulsa, Oklahoma 74114
(918) 582-2500 Telephone
(918) 583-1755 Fax
**Attorneys for Plaintiff**